IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| LACHAN HOWELL AND | |
| RICHARD HOWELL | PLAINTIFFS |
| | |
| v. | Civil Action No. 1:09cv7HSO-JMR |
| | |
| IMPERIAL PALACE AND | |
| SANDERS-HYLAND CORPORATION | DEFENDANTS |
| | |
| IMPERIAL PALACE AND | CROSS PLAINTIFFS/ |
| ROY ANDERSON CORP. | THIRD PARTY DEFENDANT |
| | |
| v. | |
| | |
| SANDERS-HYLAND CORPORATION | CROSS DEFENDANT |

## ORDER GRANTING MOTION FOR BIFURCATED TRIAL

BEFORE THE COURT is the Motion [39] of Defendant / Cross Plaintiff Imperial Palace of Mississippi, LLC, and Third Party Defendant / Cross Plaintiff Roy Anderson Corp., for Bifurcated Trial. Defendant / Cross Defendant Sanders-Hyland Corporation has filed a Joinder [55]. Plaintiffs have not filed any opposition to the Motion. After consideration of the Motion, the record in this case, and the relevant law, the Court finds that the Motion should be granted.

Plaintiffs filed their Complaint on January 6, 2009, asserting state law negligence and premises liability claims against Imperial Palace of Mississippi, LLC ("Imperial Palace") and Sanders-Hyland Corporation ("Sanders-Hyland") for injuries allegedly sustained by Plaintiff Lachan Howell when she fell while exiting

-1-

the Imperial Palace Hotel and Casino in Biloxi, Mississippi.  Plaintiffs assert that the construction activities of Sanders-Hyland, a subcontractor employed by and working under the direction of the general contractor, Roy Anderson Corp. ("Roy Anderson"), caused Plaintiff's fall.

On July 15, 2009, Imperial Palace filed a Third Party Complaint against Roy Anderson for indemnification.  *See* Third Party Compl. [13].  Imperial Palace also asserted a Cross-claim against Sanders-Hyland for indemnification.  *See* Cross-claim [17].  Roy Anderson likewise filed a Cross-claim against Sanders-Hyland asserting claims for indemnification and breach of contract.  *See* Cross-claim [25].  On September 24, 2009, Imperial Palace voluntarily dismissed its third party claims against Roy Anderson, s*ee* Notice of Voluntary Dismissal [26], leaving only Plaintiffs' claims for liability and damages against Imperial Palace and Sanders-Hyland, and the cross-claims of Imperial Palace and Roy Anderson for indemnification and breach of contract against Sanders-Hyland.

Imperial Palace and Roy Anderson now move to bifurcate the trial of this matter on grounds that "[t]here are indemnification, contractual and insurance issues between Imperial Palace of Mississippi, LLC-Roy Anderson Corp. and Sanders Hyland Corp....[which] can be resolved separately from the negligence claims of the Plaintiff against Defendants Imperial Palace of Mississippi LLC and Sanders Hyland Corp." Mot. at p. 2.  They maintain that bifurcation of the issues of liability and damages would be conducive to the expeditious resolution of the case and in the interest of judicial economy.  *See id.*  Sanders-Hyland joins in the Motion,

contending that "a single trial would unfairly prejudice the defendants by introducing matters of insurance before a jury deciding issues of liability and damages in a slip and fall case." Joinder at p. 2.

Federal Rule of Civil Procedure 42(b) states in part that: "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). The question of whether to order separate trials "is a matter within the sole discretion of the trial court." *Conkling v. Turner*, 18 F.3d 1285, 1293 (5th Cir. 1994). Upon a Rule 42(b) inquiry, a court may consider the following:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the posture of discovery as to the respective claims suggests that they should not be tried jointly; (3) whether the claims present common questions of fact or law; (4) whether the claims will require testimony of different witnesses and documentary proof; and (5) the prejudice to either party in the event separate trials are ordered.

*Butcher v. Allstate Ins. Co.*, No. 1:06cv423, 2008 WL 5101339, at * 3 (S.D. Miss. Nov. 26, 2008).

After considering the above factors in light of the record, the Court finds that Plaintiffs' claims for liability and damages against Imperial Palace and Sanders-Hyland should be separated from the additional claims asserted by Imperial Palace and Roy Anderson for indemnification and breach of contract against Sanders-Hyland. The Motion for Bifurcated Trial will therefore be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [39] of Defendant / Cross Plaintiff Imperial Palace of Mississippi, LLC, and Third Party

Defendant / Cross Plaintiff Roy Anderson Corp., for Bifurcated Trial, should be and hereby is **GRANTED**, and Plaintiffs' claims for liability and damages against Imperial Palace and Sanders-Hyland will be tried separately from the cross-claims for indemnification and breach of contract asserted by Imperial Palace and Roy Anderson against Sanders-Hyland.

**SO ORDERED AND ADJUDGED**, this the 6th day of January, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE