IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **LACHAN &RICHARD HOWELL** | § | **PLAINTIFFS** |
| | § | |
| v. | § | Civil No.1:09CV7HSO-JMR |
| | § | |
| **IMPERIAL PALACE &** | § | **DEFENDANTS** |
| **SANDERS-HYLAND CORP.** | § | |
| | § | |
| | § | |
| **IMPERIAL PALACE &** | § | **THIRD PARTY DEFENDANTS** |
| **ROY ANDERSON CORP.** | § | |
| | § | |
| v. | § | |
| | § | |
| **SANDERS-HYLAND CORP.** | § | **CROSS DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT is the Motion of Imperial Palace and Roy Anderson Corporation for Summary Judgment [56-1] filed pursuant to FED. R. CIV. P. 56, against Sanders-Hyland Corporation. Sanders-Hyland has filed a Response [65-1] and Imperial Palace and Roy Anderson Corporation have filed Rebuttals [70-1, 71-1]. Defendants move for summary judgment on the grounds of common law and contractual indemnity. After consideration of the submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion for Summary Judgment must be denied.

I. FACTS AND PROCEDURAL HISTORY

Plaintiffs, Lachan and Richard Howell, along with their daughter, were at the Imperial Palace Casino in Biloxi, Mississippi, on January 14, 2006. According

to their Complaint, Mrs. Howell fell in a "chipped out" area of concrete in the portico area near automatic doors located at the hotel entrance. At the time, repairs to the facility were occurring. The contractor, Roy Anderson Corporation, had a number of subcontractors, including Sanders-Hyland, working on the property.

Plaintiffs filed their Complaint on or about January 6, 2009, alleging individual, joint, and/or concurrent negligence as to Defendants Imperial Palace and Sanders-Hyland Corporation for their failure to maintain a safe premises and failure to warn. *See* Pl.'s Compl. at ¶ V. Richard Howell also asserted a loss of consortium claim. *See* Pl.'s Compl. at ¶ X. On July 15, 2009, Imperial Palace filed a Third-Party Complaint against Roy Anderson Corporation, seeking indemnification pursuant to a contract between them. *See* Third-Party *See* Compl. at ¶¶ VII and VIII. Subsequent to the present Motion being fully briefed, Plaintiffs filed an Amended Complaint on May 18, 2010, asserting identical claims but adding Haynes Electric Company, Inc., as a Defendant, on grounds that Haynes was also performing work at the Imperial Palace as a subcontractor during the relevant time period.

## II. DISCUSSION

A.  Applicable Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is

entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal-Mart Stores, Inc.*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* (*citing Phillips Oil Company v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir. 1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1987)).

The Court has considered the Motion for Summary Judgment in light of the claims advanced by Plaintiffs, along with the documents submitted in support of this Motion. Based on the current record, and in light of the allegations raised in the Amended Complaint, the Court is of the opinion that, at least at this stage of the proceedings, material fact questions exist as to causation, including but not limited to the role each Defendant played, if any, in performing work in the area where Mrs. Howell's alleged injuries occurred. Without greater clarity on this

point, the Court cannot resolve questions of whether there was a breach of any of the contracts between or among the parties to the present Motion, or whether any party may be entitled to indemnification from another party.   Accordingly, summary judgment is not proper at this juncture.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants' Motion for Summary Judgment [56-1], filed December 17, 2009, pursuant to FED. R. CIV. P. 56,  should be and hereby is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 9th day of June, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE